HANNIBAL POORE *et al.* v. DAVID F. POORE.

WRITTEN INSTRUMENT, *not a Conveyance Inter Vivos, nor a Will.* An instrument, in writing, denominated on its face as a last will and testament, which purports to give no present interest in any property, but only the estate of which the makers die seized, signed by the parties and delivered to the devisee therein named before the death of the makers, but which is not witnessed nor subscribed by any person other than the makers, is without legal force either as a conveyance *inter vivos*, or a will.

*Error from Cloud District Court.*

THIS action was brought by the defendant in error, as plaintiff below, against the plaintiffs in error, who are his brothers, for the purpose of establishing his right to the entire estate of Adell and Hannie Poore, deceased sisters of the parties to the suit. In his petition the plaintiff alleged the relationship of the parties, the ownership by said Adell and Hannie of certain real and personal property therein described, and that an agreement was made between said plaintiff and said Adell and Hannie in writing, by the terms of which, in consideration of certain services to be performed by said plaintiff, they agreed that they would by will give, devise and bequeath to him all of the property which they should own at the time of their decease ; that he had fully complied with all the terms of said agreement on his part ; that for the purpose of carrying out such contract they executed the following instrument in writing :

"The last will and testament of Adell and Hannie Poore, Concordia, Kas. (Cloud Co.) We, the undersigned, do hereby give and bequeath all our real estate and personal property, of which we die possessed or seized, to David F. Poore, his heirs and assigns, to hold, own and possess forever, and use as their own.

We hereunto set our hands and seal this 10th day of
March.                                    ADELL POORE.
                                          HANNIE POORE."

That on the 10th day of March, 1890, they delivered
said instrument to the plaintiff; that the plaintiff is
advised that said instrument is insufficient in law to
pass the title of said property to said plaintiff, and
that the plaintiff is in possession of all said property.
The petition concludes with a prayer for a judgment
requiring the defendants to execute and deliver to
him deeds conveying their interests in the property,
and adjudging him to be the absolute owner of the
whole thereof.    The action was tried by the court and
full findings of fact were made, from which it appears
that the sisters committed suicide, by drowning, on
March 11, 1890.    The plaintiff claimed that the writ-
ten contract mentioned in the petition was in the
form of a letter from his sisters to him.    The court
finds that no such letter was written, and that no
valid contract of the character stated in the petition
was made.    The court finds that the instrument
above copied was not attested nor subscribed by any
witnesses, and that there is no evidence of any wit-
ness to its execution; that it was delivered to the
plaintiff by his sisters in a box with other papers, a
watch and some money, and that it was unquestion-
ably written by Adell Poore, and signed by her and
her sister.    As conclusions of law the court held :

"Although the paper purporting to be the last will
and testament of the said Adell and Hannie was not
executed as required by statute, nor in pursuance of
any binding contract to make a will, yet as it was un-
questionably written and executed by them at a time
when they were of full age, and of sound mind, mem-
ory, and mental capacity sufficient to make a will
without any undue influence, as its provisions were

under .the circumstances in accordance with a right and just disposition of their property, and in accordance with what had been the expectation of plaintiff and intention of the makers for a long time prior thereto, as when it was executed as the makers believed to be sufficient to convey their property to plaintiff, and was by the makers delivered to the plaintiff under such circumstances as to indicate a then present·intention to convey all the property of the makers to the plaintiff. The will of the makers as to a fair and just disposition of what was their own as this was ought not to be thwarted and set aside, but on the contrary carried out and enforced. The plaintiff is therefore entitled to judgment that he is the absolute owner of the property described in the petition and herein, free from any claim of the defendants, or either of them.''

Thereupon judgment was rendered for the plaintiff, in accordance with these conclusions of law. The defendants have brought the case to·this court.

*Pulsifer & Alexander*, for plaintiffs in error.

The opinion of the court was delivered by

ALLEN, J.: The court having found against the plaintiff's claim of the existence of a contract of any character binding his sisters to convey their property to him, the only question in the case is whether the instrument delivered by them to the plaintiff shortly before their death could have operation either as a conveyance *inter vivos*, or as a will. We find no difficulty in reaching the conclusion that it passed no interest to the plaintiff on delivery to him. It is named a will, and in terms gives him no estate during the life of the makers, but expressly provides that he shall have that, and that only, of which they might die possessed. Neither can there be any doubt that this in-

44—55 KAS.

strument is utterly void as a will. Section 2 of the act relating to wills expressly requires that every will shall be attested and subscribed in the presence of the party making the same· by two or more competent witnesses. This was not done. The paper was not a will, could not be probated as such, could not and did not confer any rights on the plaintiff.

The judgment is reversed, and, on the facts found by the district court, it is ordered that judgment be entered in favor of the defendants for their costs.

All the Justices concurring.